## THIRD DEPARTMENT, MAY, 1918.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEVI B. DEDRICK, Appellant.

*Tax sale — sufficiency of description.*

Appeal by the defendant from a judgment of the Supreme Court, entered in the Saratoga county clerk's office May 18, 1917, upon a decision of the court rendered after a trial before the court without a jury.

PER CURIAM: The notice which the Comptroller published in the year 1894, although perhaps ambiguous to a stranger, could not be misunderstood by the owner of the property affected. The lots were rectangular in shape. The east and west lot lines were definitely located and understood. So also was the Chrysler lot of 400 acres. Immediately south of the Chrysler lot, N. M. Houghton owned 668 acres. In the year 1877 the State sold for taxes 737 acres, bounded north by the Chrysler lot which must have included all of the Houghton lot. Houghton himself two years thereafter

redeemed the northerly 400 acres of this 737 acres. The records in the Comptroller's office correctly describe this redeemed tract of 400 acres as follows: Bounded north by Chrysler lot, east and west by lot lines, and south by N. M. Houghton. The above description of the 400 acres was literally carried into the notice which the Comptroller published in 1894, and Houghton, who, so far as the evidence discloses, still remained the only interested party, must have understood from that notice that the Comptroller was advertising the southerly 337 acres which remained of a larger tract of 737 acres from which 400 acres were excepted, which 400 acres were described as above. To him it could mean nothing else. It necessarily meant that, or it was entirely meaningless. And so understood, the 400 excepted acres are correctly described in the notice as bounded north by Chrysler, east and west by the lot lines, and south by Houghton, as well as in the deeds as indicated in the opinion of the trial justice. The property claimed by the defendant is included within the 337 acres advertised by the Comptroller. The judgment should be affirmed, with costs. Judgment unanimously affirmed, with costs. H. T. Kellogg, J., not sitting.